# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2022

Lyle W. Cayce
Clerk

No. 21-60420
Summary Calendar

Chen Wu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 757 324

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Chen Wu, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

protection under the Convention Against Torture (CAT). We review the BIA's decision for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consider the IJ's decision only to the extent it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Attacking the agency's adverse credibility determination, Wu contends that the IJ erred by failing to give him notice of the deficiencies in his testimony and an opportunity to provide the necessary corroborative evidence. Wu did not present this issue in his appeal to the BIA, and because the issue is unexhausted, we lack jurisdiction to consider it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022).

As to the incident in which he was nearly arrested, neither the IJ nor the BIA was required to accept Wu's explanation for the inconsistency in his accounts of the incident, even if the explanation was plausible. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). His contention that the IJ erred to the extent she based the adverse credibility determination on the different dates given by Wu and his mother for the above incident is also unavailing, as an adverse credibility finding may be based on any inconsistency, even if it does not go to the heart of the applicant's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020).

The IJ and the BIA provided specific and cogent reasons derived from the record to support the adverse credibility finding. *See Zhang*, 432 F.3d at 344. Wu fails to demonstrate that, under the totality of the circumstances, any reasonable factfinder would be compelled to find him credible, and therefore we will defer to the agency's adverse credibility determination. *See Singh*, 880 F.3d at 225-26.

The agency's broad adverse credibility determination is fatal to Wu's claims for asylum and withholding of removal. *See Arulnanthy v. Garland*, 17

No. 21-60420

F.4th 586, 597 (5th Cir. 2021). We do not consider Wu's remaining contentions regarding his claims for asylum and withholding of removal, which concern the merits of these claims, because the BIA did not reach the IJ's alternative merits-based reasons for denial. *See Rui Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

Finally, because Wu did not present his CAT claim to the BIA, we are without jurisdiction to review it. *See Martinez-Guevara*, 27 F.4th at 359-60.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.